FILED
SEP 02 2008
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| PENELOPE SALWAY, | ) | CIV. 08-5006-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTION TO REVERSE |
| MICHAEL ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Penelope Salway (Salway) filed this action seeking review of the Commissioner's final determination that she is not disabled. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

Salway was born February 2, 1973. Administrative Record (AR), 77. At the time of the hearing before the administrative law judge (ALJ), she was thirty-three years old, 5'7" and weighed 280 pounds. AR 347-349. Salway completed the ninth grade and received her GED. AR 349. Salway applied for supplemental security income benefits on September 23, 2004. AR 19. She alleged that she was disabled as of January 1, 2001, due to "back problems, arthritis, leg problems, knees, [and] anxiety." AR 20. Her

application was denied initially and upon reconsideration. AR 19. As a result, Salway requested a hearing before the ALJ. AR 19.

A hearing was held on June 7, 2006. AR 19. Salway was not represented by counsel at the hearing as her counsel had withdrawn from representation prior to the hearing. AR 343. Nonetheless, Salway expressed her desire to continue with the proceedings without counsel. AR 343. Concerning the waiver of counsel, she stated, "and I feel, you know, I'm pretty confident that I can speak and let you know." AR 344.

After reviewing the record, in addition to the testimony of Salway, a vocational expert and a clinical psychologist at the hearing, the ALJ determined that Salway was severely impaired by two microdiskectomies and back pain, left knee arthroscopy, diabetes, and obesity. AR 29. The ALJ, however, found that Salway did not suffer from any severe mental impairment. AR 21. The ALJ further concluded that Salway's impairments did not meet or equal a medical listing. AR 23.

The ALJ next determined Salway's residual functional capacity (RFC). AR 24. In making this determination, the ALJ found that Salway's complaints of pain were not entirely credible. AR 24-25. The ALJ found that the objective evidence, as well as Salway's activities of daily living did not support her claims of disabling pain. AR 25-27. The ALJ then concluded that Salway was capable of performing sedentary work. AR 29. Based upon this RFC, the ALJ determined that Salway could not perform her past relevant work as a cleaner/housekeeper, sales attendant, or cook. AR 27, 29. The

Medical-Vocational Guidelines did indicate, however, that Salway could perform other sedentary level positions which are available in the region. AR 28. As a result, the ALJ found that Salway was not disabled and her application for benefits was denied. AR 30. Salway now seeks review of the ALJ's decision alleging that the ALJ erred when drawing this conclusion. The conclusion of the ALJ was based on substantial evidence as a whole.

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan,

987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## DISCUSSION

The ALJ held that the claimant is not eligible for Supplemental Social Security Income payments under §§ 1602 and 1614(a)(3)(A) of the Social Security Act. AR 30. Salway alleges that the ALJ failed to fulfill his duty to develop the record. Salway argues that the ALJ only requested her medical records from the Massa Berry Clinic for

the period after December of 2004, despite her alleged onset of disability date of January 1, 2001. AR 275. As a result, Salway contends that the record before the ALJ was incomplete and therefore, his determinations regarding her impairments and credibility are not supported by substantial evidence.

The Commissioner argues that the ALJ was only responsible for developing the record "for at least 12 months" prior to Salway's filing date of September 23, 2004, and that benefits are only available to a claimant the month after application. See 20 C.F.R. §§ 416.912(d) and 416.335. As a result, any failure to request the records for the period prior to December 2004, was not error.

Furthermore, the ALJ's determination that Salway did not have a severe mental impairment was based upon both the medical records and the testimony of an independent psychologist, who testified that there was "very little mental health information in the record." AR 21. Moreover, the ALJ found that Salway's complaints of pain and other symptoms were not entirely credible "in light of the medical evidence and the discrepancies between the claimant's assertions and the information contained in the documentary reports." AR 25. The Court finds that there is substantial evidence in the record as a whole to support the decision of the ALJ. See 42 U.S.C. § 405(g). Accordingly, it is hereby

ORDERED that the motion to reverse (Docket #1) is denied.

IT IS FURTHER ORDERED that judgment shall be issued in favor of defendant.

Dated this 2nd day of September, 2008.

                                  BY THE COURT:

                                  /s/ Richard H. Battey
                                  RICHARD H. BATTEY
                                  UNITED STATES DISTRICT JUDGE